# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON YATES,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>CARMICHAEL<br>INTERNATIONAL SERVICE, et al.,<br>　　　Defendants. | 5:24-cv-1814-DSF-Ex<br><br>Order DENYING Motion to Remand (Dkt. 14) |

　　　Plaintiff Milton Yates moves to remand this case to state court, arguing that the case was removed beyond the statutory 30-day period. The Court deems this matter appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15.

> As long as the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, a defendant, in effect, may remove at any time. We have also emphasized that a defendant does not have a duty of inquiry if the initial pleading or other document is indeterminate with respect to removability.  Accordingly, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an

investigation and then file a notice of removal within thirty days of receiving the indeterminate document.

Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 791 (9th Cir. 2018) (cleaned up).

Plaintiff effectively admits that the complaint does not, on its face, reveal the amount in controversy. Mem. at 1 ("While the Complaint does not necessarily signal an amount in controversy or the number of putative class members, this information was easily accessible and in Defendant's exclusive possession, custody, and control as the employer."). Plaintiff also does not point to any subsequent "amended pleading, motion, order or other paper" that, on its face, gave notice of the amount in controversy. See 28 U.S.C. § 1446(b)(3). Therefore, the time for removal never began to run, and the notice of removal was timely.

The motion is DENIED. Defendant's request for fees is DENIED. The Court recognizes that the potential applicability of Rule 11 does not necessarily preclude imposition of sanctions under 28 U.S.C. § 1927 or the Court's inherent authority. Chambers v. NASCO, Inc., 501 U.S. 32, 46-51 (1991). However, given that the filing of a frivolous motion is firmly within the subject matter of Rule 11, the Court declines to exercise its discretion to excuse Defendant from utilizing the specific procedures set out in that Rule.

IT IS SO ORDERED.

Date: December 13, 2024

_____
Dale S. Fischer
United States District Judge